```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Ellen R. Frank
and Stephen Z. Frank

   v.                                            Civil No. 11-cv-66-PB

PHH Mortgage Services; Fannie
Mae; Law Office of Haughey,
Philpot & Laurent, P.A.; Sharita
Corbitt; Lauren Delconte; Jocelyn
"Doe"; Michael "Doe"; Rita "Doe";
Francis O'Keefe; William Scott;
Kenesia Still; Robert Treusch;
and Marc J. Hinkle


### REPORT AND RECOMMENDATION

Plaintiffs have sued thirteen defendants (at least one of them non-diverse) in twelve counts, asserting claims related to the handling of their mortgage.[1]  The defendants include two mortgage companies, a law firm they employ, and ten of their employees.  Before me for a report and recommendation is

---

[1] The twelve counts in plaintiffs' complaint are titled: Emergency Temporary and Permanent Injunctive Relief (Count 1), Declaratory Relief (Count 2), Material Misrepresentations (Count 3), Fraud (Count 4), Deceptive and Fraudulent Practices (Count 5), The New Hampshire Revised Act Title XXXI Chapter 397-B, Section 358-B:2 (Count 5 [sic]), The New Hampshire Revised Act Title XXXI Chapter 397-B, Section 358-B:2 (Count 6), 12 U.S.C. Chapter 27 Section 2605 "Servicing of Mortgage Loans and Administration of Escrow Accounts" (Count 7), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 8), Negligent Infliction of Emotional Distress (Count 9), Intentional Infliction of Emotional Distress (Count 10), and Breach of Contract (Count 11).

plaintiffs' ex parte motion for a temporary restraining order ("TRO") to enjoin a foreclosure sale scheduled for 2:30 p.m. on February 16, 2011.  The matter was referred to me on February 14, the day it was filed, and I conducted a hearing that afternoon.  Stephen Frank ("Frank"), a New Hampshire attorney, appeared pro se.

## Background

Frank and his ex-wife Ellen jointly own a property in Moultonborough that includes the home in which Ellen resides. Ellen has been permanently disabled since 2000, and after receiving a bone marrow transplant in 2004, she developed Chronic Graft Versus Host Disease, which is a progressive condition.  The Franks' Moultonborough property has been encumbered by a mortgage since 1998.  The original lender was DeWolfe Mortgage Services, and the mortgage has since been assigned several times, to entities including PHH Mortgage Services ("PHH") and, most recently, the Federal National Mortgage Association ("Fannie Mae").  Plaintiffs contest the validity of several of those assignments.

Plaintiffs first received a notice of default from PHH in the spring or summer of 2008.  At that point, they began an ultimately unsuccessful quest to secure a mortgage mitigation package.  Since then, at least five foreclosure sales have been

scheduled.  The first was rescheduled, the second put off as a result of plaintiffs' application for a modification agreement, and the third was rescheduled.  The fourth sale, scheduled for December 20, 2010, was blocked by a TRO issued by the New Hampshire Superior Court.  The December 20 sale was rescheduled for February 16, 2011, and plaintiffs were notified of that new sale date on December 20.

As noted, plaintiffs filed their complaint in this court, along with their ex parte request for a TRO, on February 14.  At the hearing, Frank indicated that he had sent a draft of the complaint to one defendant, the law firm, but had made no efforts to give any of the defendants notice of his request for this TRO.  The reason he gave was his unfamiliarity with Rule 65 of the Federal Rules of Civil Procedure (hereinafter "Federal Rules").

**The Legal Standards**

The Federal Rules provide that a TRO may be issued "without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b) (emphasis added).

Substantively, "[t]o determine whether to issue a temporary restraining order, this court applies the same four-factor

analysis used to evaluate a motion for a preliminary injunction."  Nw. Bypass Grp. V. U.S. Army Corps of Eng'rs, 453 F. Supp. 2d 333, 337 (D.N.H. 2006) (citing Largess v. Supreme Judicial Ct. for Mass., 317 F. Supp. 2d 77, 81 (D. Mass. 2004)).  In turn, the four-factor analysis requires the movant to demonstrate:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Nw. Bypass Grp., 453 F. Supp. 2d at 337 (quoting Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006)).

**Discussion**

As noted, Frank has not complied with the requirements of Rule 65(b)(1)(B); he has neither certified in writing the efforts he made to give notice to the adverse parties nor has he explained why notice should not be required.  Lack of compliance with Rule 65(b)(1)(B), alone, would support denying plaintiffs' request for a TRO.  See PC Connection, Inc. v. Bartrug, No. 07-cv-306-SM, 2007 WL 2902990, at *1-2 (D.N.H. Oct. 3, 2007).

Rule 65(b)(1)(B), however, is not the only impediment to granting a TRO in this case.  For the court to issue the TRO plaintiffs seek, they would need to demonstrate, among other

things, a likelihood of success on the merits on a challenge to the validity of the scheduled foreclosure. That, however, they cannot do in this court.

Plaintiffs' complaint asserts a host of federal and state claims, most of which provide for the recovery of money damages. More importantly, however, few if any of plaintiffs' claims can fairly be read as asserting the invalidity of the scheduled foreclosure.[2] But, even if plaintiffs had squarely challenged the validity of the foreclosure, such claim would not be cognizable in this court. New Hampshire law provides that when a mortgagor fails to institute a petition in the state superior court to enjoin a foreclosure sale, with service upon the mortgagee, the mortgagor's failure to do so "shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure." N.H. Rev. Stat. Ann. § 479:25:II. Because this court would be barred from considering a claim that the foreclosure is invalid, plaintiffs have no likelihood of success on the merits of any claim that would entitle them to relief of a type that would be protected by the TRO they seek, <u>i.e.</u>, an injunction against the scheduled foreclosure sale.

---

   [2] In Count 2, plaintiffs ask the court to declare that neither PHH nor Fannie Mae has any legal or equitable interest in their mortgage, and that PHH and Fannie Mae lack standing to foreclose on it. But, Count 2 provides no legal basis of any kind for plaintiffs' claim that PHH and Fannie Mae were or are not proper mortgagees.

**Conclusion**

For the reasons given, I recommend that plaintiffs' request for a TRO, doc. no. 2, be denied. Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  February 15, 2011

cc:  Stephen Z. Frank, pro se